UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS MEIER,

      Plaintiff,

      v.

MARTIN O'MALLEY, Commissioner of the Social Security Administration,

      Defendant.

Case No. 23-1251-BGS

## MEMORANDUM AND ORDER GRANTING MOTION FOR ATTORNEY FEES

This matter comes before the Court on Plaintiff's unopposed motion for attorneys' fees. Doc. 17. After reviewing the motion and the supporting exhibits, the Court **GRANTS** the motion for the reasons stated herein.

### I. Factual and Procedural Background

Plaintiff Travis Meier hired counsel to prosecute his claim for social security benefits in July 2023. Doc. 17-2, at 2-3. They entered into a contingent-fee arrangement for 25 percent of all retroactive benefits. On November 22, 2023, Plaintiff filed a Complaint appealing the administrative decision denying his disability benefits. *See generally* Doc. 2. The Court reversed the decision of the Commissioner and remanded the case to the Administrative Law Judge on May 1, 2024. Doc. 15.

Plaintiff's counsel now seeks $7,500.00 in attorney fees and $405.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 17 at 8-9. This total represents a compromise between Plaintiff and Defendant[1].

---

[1] Originally, Plaintiff's counsel sought attorneys' fees in the amount of $8,724.39 for 37.1 hours of work plus $455.00 of court costs for a total of $9,179.39. This amount was disputed by Defendant, leading to the compromise set forth herein.

1

**II.     Analysis**

Title 42 U.S.C. § 406(b)(1)(A) provides "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (citing 42 U.S.C. § 406(b)(1)(A)). However, the EAJA (28 U.S.C. § 2412(d)(1)(A)) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Under the EAJA, counsel may be entitled to an award of "'fees and other expenses'" if he or she "prevail[s] in litigation against the United States [and] if, among other conditions, the position of the United States was not 'substantially justified.'" *Comm'r v. Jean*, 496 U.S. 154, 156 & n. 1, 110 S. Ct. 2316, 110 L.Ed.2d 134 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). The district court has discretion to determine the amount of such a fee, or whether to award one at all. *Sanders v. Astrue*, 287 F. App'x 721, 723 (10th Cir. 2008). *Cf. Pierce v. Underwood*, 487 U.S. 552, 562, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988) (holding district court's determination under EAJA of whether government's position was substantially justified is reviewed for abuse of discretion).

In this case, Plaintiff's total fee with costs amount to $7,905.00. This includes the court filing fee, the pro hac vice fee, and 37.1 hours of work which comes to approximately $202.00 per hour. The Court finds the approximated hourly rate and total amount requested to be reasonable. *See Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1-2 (D. Kan. Dec. 23, 2014) (finding

$418.28 per hour to be reasonable); *see also Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (recognizing that courts have found fees ranging from $338.29 to $605.79 per hour to be reasonable).  Moreover, Defendant does not argue its position was substantially justified.  Further, it does not dispute that Plaintiff is the prevailing party, the reasonableness of the time spent by counsel, or the applicable rate.  The Court finds that EAJA fees under 28 U.S.C. § 2412(d)(1)(A) are appropriate and reasonable.  Accordingly, the Court **GRANTS** Plaintiff's motion.

## III.   Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion for an Award of Attorneys' Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Doc. 17, is **GRANTED** in the amount of $7,905.00.

**IT IS FURTHER ORDERED** that the EAJA fees be paid directly to Plaintiff's counsel subject to any administrative offset due to any outstanding federal debt incurred by Plaintiff.[2]

**IT IS SO ORDERED.**

Dated June 27, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[2] *Astrue v. Ratliff*, 560 U.S. 586 (2010) indicates the Government previously employed a practice of providing attorney fees directly to the attorney in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 597.  Here, there is an assignment of the right to receive the fees and there is no indication the Plaintiff owes a debt to the government.  *See generally* Doc. 17.  However, to the extent the claimant has a pre-existing debt to the Government, then the attorney fee award is subject to offsetting.