UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS MEIER,

    Plaintiff,

v.

MARTIN O'MALLEY, Commissioner of the Social Security Administration,

    Defendant.

Case No. 23-1251-BGS

**MEMORANDUM AND ORDER GRANTING**
**MOTION FOR ATTORNEY FEES**

This matter comes before the Court on Plaintiff's unopposed motion for attorneys' fees. (Doc. 19.) After reviewing the motion, its supporting exhibits, and the response (Doc. 20), the Court **GRANTS** the motion for the reasons stated herein.

I.     Factual and Procedural Background

Plaintiff Travis Meier hired counsel to prosecute his claim for Social Security benefits in July 2023. (Doc. 17-2, at 2-3.) They entered into a contingent-fee arrangement for 25 percent of all retroactive benefits. On November 22, 2023, Plaintiff filed a Complaint appealing the administrative decision denying his disability benefits. (*See generally* Doc. 2.) The Court reversed the decision of the Commissioner and remanded the case to the Administrative Law Judge on May 1, 2024. (Docs. 15, 16.) After remand by this Court, the decision of the Administrative Law Judge found that Plaintiff was disabled. (*See* Doc. 19, at 2.) The Social Security Administration issued a Notice of Award on October 11, 2025, finding that Plaintiff was entitled to monthly disability benefits beginning March 2021. The Notice further indicates that $33,816.75 had been withheld from his Title II back benefits to pay legal fees. (Doc. 19-1.)

1

The undersigned Magistrate Judge granted Plaintiff's previous Unopposed Motion for an Award of Attorneys' Fees (Doc. 17) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) in the amount of $7,905.00. (Doc. 18.) This total represented a compromise between Plaintiff and Defendant.[1]

Plaintiff's counsel now seeks an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $32,116.75 reduced by $7,500.00, resulting in a net total of $24,616.75. (Doc. 19.) Plaintiff indicates "[t]his voluntary fee reduction accounts for a full refund of the previously awarded EAJA fees, resulting in a net total." (*Id.*, at 1, 5.) Further, the amount of the fees requested are "less than 25% of the back benefits awarded." (Doc. 19, at 3.) Defendant indicates it "has no direct financial stake in the outcome of this motion," thus "neither supports nor opposes counsel's request for attorney's fees in the amount of $32,116.75, under 42 U.S.C. § 406(b)." (Doc. 20, at 1.)

## II.   Analysis

Title 42 U.S.C. § 406(b)(1)(A) provides "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…" EAJA fees are "awarded to the prevailing party in addition to and separate from" fees awarded under § 406(b) in social security cases. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008).

In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Attorneys are not allowed to retain both fee awards but must refund the lesser of the EAJA or § 406(b) fees to Plaintiff. *Id.* "Thus, an EAJA

---

[1] Originally, Plaintiff's counsel sought attorneys' fees in the amount of $8,724.39 for 37.1 hours of work plus $455.00 of court costs for a total of $9,179.39. This amount was disputed by Defendant, leading to the compromise set forth herein.

award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* Although an attorney may contract for 25% of past due benefits, the court must ensure that it yields a reasonable result. *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

Plaintiff counsel seeks attorneys' fees of $24,616.75, reflecting a gross fee of $32,116.75 less the previously awarded EAJA fee of $7,500.00. Further, Plaintiff indicates that "[t]he amount of the fees Plaintiff's counsel is requesting is less than 25% of the back benefits awarded." (Doc. 19, at 3.)[2] Plaintiff's counsel has itemized the hours spent on court representation which indicates a total of 37.1 hours were expended on the matter, resulting in an approximate hourly rate of $865. *Id.*

After taking into consideration the relevant factors, the Court finds the total amount requested to be reasonable. *See Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1-2 (D. Kan. Dec. 23, 2014) (finding $418.28 per hour to be reasonable); *see also Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (recognizing fees ranging over $600.00 per hour to be reasonable in case from approximately 19 years ago). Moreover, Defendant does not raise the substantial justification defense. Further, it does not dispute that Plaintiff is the prevailing party, the reasonableness of the time spent by counsel, or the applicable rate.

Defendant continues, however, by pointing out that rather than refunding the $7,500.00 in previously awarded EAJA fees, Plaintiff's counsel asks the Court to subtract those fees, resulting in a net amount of $24,616.75 under 406(b). (Doc. 20, at 2.) Defendant "takes no position on the request to award a netted 406(b) award." (*Id.*)

---

[2] The attorneys involved, from the firm of Konoski & Partners, P.C., represented the Plaintiff only during the federal proceedings. Thus, counsel has no claim for fees pursuant to 406(a).

That stated, Defendant asks that "the reasonableness determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset" and requests the Court "distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purpose." (*Id.*)  The Court recognizes and affirms this distinction.  The Court also specifies that any amount authorized in fees pursuant to § 406(b) is to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

The Court finds that attorney fees under 42 USC § 406(b) are appropriate and reasonable. Accordingly, the Court **GRANTS** Plaintiff's motion (Doc. 19).

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Award of Attorneys' Fees under 42 USC § 406(b), Doc. 19, is **GRANTED** in the net amount of $24,616.75.

**IT IS SO ORDERED.**

Dated December 19, 2025, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge